UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTOINE GORUM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DESERT MOON HOSPITALITY MOTEL LLC, et al.,<br><br>　　　　Defendants. | Case No. 2:21-cv-01540-APG-EJY<br><br>**ORDER**<br><br>**and**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 1-1 |

　　　Pending before the Court is Plaintiff's Complaint (ECF No. 1-1) together with his application to proceed *in forma pauperis* (ECF No. 8). Plaintiff's *in forma pauperis* application is complete and is granted. *Id*.

　　　Upon granting a request to proceed *in forma pauperis,* the Court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Federal courts are authorized to dismiss a case if the action is legally "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

　　　A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In his Complaint, Plaintiff seeks to sue two Nevada entities (Desert Moon Hospitality Motel LLC and Desert Moon Motel) and two individuals (Anthony and Mark – last names not provided) based on alleged violations of his civil rights established by the Eighth and Fourteenth Amendments. ECF No. 1-1 at 2, 3, 9. Plaintiff states that he was staying at defendant Desert Moon Motel (the "Motel") when he was attacked and beaten by an unknown assailant. *Id*. at 4. Plaintiff further appears to allege the Motel and its management were negligent and, thus, contributed to the attack by failing to repair the lock on his door, failing to follow policies pertaining to visitors on property, and subsequently refusing to call the police or an ambulance. *Id*. at 5. Plaintiff states another Motel tenant called 911, and the police and paramedics arrived at the Motel to assist Plaintiff. *Id*.

The plain language of 42 U.S.C. § 1983 establishes that a plaintiff must satisfy two jurisdictional requisites to state an actionable claim. First, the plaintiff must allege the violation of a right secured by the United States Constitution or laws because "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Second, a § 1983 plaintiff must show that the alleged deprivation was caused by a person acting "under color" of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). In *Flagg Bros.*, the U.S. Supreme Court affirmed that "these two elements denote two separate areas of inquiry." 436 U.S. at 155-56. Private citizens may be liable under § 1983 if the citizen is a "willful participant in joint activity with the State or its agents." *United States v. Price*, 383 U.S. 787, 794 (1966).

As the above summary demonstrates, a review of Plaintiff's Complaint reveals no allegations supporting a facial violation of a constitutional or legal right secured by the government and nothing supporting that the conduct of defendants was under color of state law. ECF No. 1-1 at 4-9. In fact, Plaintiffs' sole allegation regarding action occurring under state law involves the police arriving after he was attacked at the Motel and repeatedly asked him if he wanted to fill out a report. *Id*. at 7-8. Other than this contact with law enforcement, Plaintiff alleges nothing that suggests, let alone states, a violation of a federally protected right or that any defendant acted jointly with the state or

its agents, such as the police. Thus, Plaintiff establishes neither of the federal question, jurisdictional requirements identified in *Flagg Bros*. and *Adickes*.[1]

Because the Court lacks jurisdiction as there is no federal question presented and diversity of citizen is absent, the Court recommends dismissal of this action without prejudice so Plaintiff may proceed against the defendants on state law claims, such as negligence, in state court.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) is GRANTED.

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice so that Plaintiff may proceed in state court.

Dated this 6th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1] The Court also notes that because Plaintiff and all named defendants are citizens of Nevada, Plaintiff cannot establish diversity of citizenship required for federal court jurisdiction under 28 U.S.C. § 1332(a)(1).